WILLIAMS, Plaintiff in Error, v. THE CHRISTIAN FEMALE COLLEGE, Defendant in Error.

1. In order to establish an agency in behalf of a corporation it is not indispensable to show a written authority or a vote or resolution of the corporate authorities.

2. When a member of the board of trustees of a corporation, at a session of the board, makes a statement in respect to its action, and such statement is allowed to pass uncontradicted, such statement, although evidence against the board, is not conclusively binding upon it.

*Error to Boone Circuit Court.*

This was an action to recover the sum of $1,437.13 alleged to have been awarded to plaintiff as the value of certain improvements made by plaintiff upon the grounds of the defendant. It was proved that the arbitrators who made the estimate of the value of the improvements were selected by the plaintiff and by Alexander Douglass and C. S. Stone, who were members, it appeared, of the board of trustees of defendant. The evidence relied on to show that the award was made under the authority of the board of trustees, or had their sanction and approval, was the testimony of John H. Field, who stated that "sometime in 1858, he was authorized by plaintiff to present for payment to the board of trustees of the defendant the award sued on; that in pursuance of such authority he was present at a meeting of said board in the month of February, 1858; that at said meeting, and whilst said board was organized and acting officially, he presented

said award for payment; that thereupon C. S. Stone, a member of said board, stated to and in the presence and hearing of said board, and whilst officially organized as aforesaid, that he, Stone, Douglass and another, had been appointed a committee by the board of trustees of the defendant for the purpose of settling the claim of plaintiff; that the award had been made under the direction of said committee; that said award was not unsatisfactory to said committee, and would have been reported on by the committee to the board, but that certain books had been removed from the college; he (Stone) desired to be discharged from said committee and that some other member be appointed in his place; and thereupon several other persons were added to the committee; that nothing was said about carrying out the award or approving the same by the board; nothing was said about obtaining means to pay the same. I understood these additional members were added for the purpose of adjusting the plaintiff's claims."

The court, at the instance of the plaintiff, gave the following instruction: " 1. If the award sued on was made under a submission by Stone and Douglass, and if after the making thereof the trustees of defendant, whilst assembled and acting in their official capacity, either tacitly or expressly assented to or ratified said award, the court will find for plaintiff the amount of said award, with six per cent. interest from its date."

The following instruction asked by plaintiff was refused: " 2. The fact that the award sued on was submitted to defendant's board of trustees whilst assembled and acting in their official capacity, and the declaration of a member of said board then and there made, and not controverted or denied, that the same had been made under a submission by a committee appointed by said board, -of which committee Stone and Douglass were members, is evidence that the submission by Stone and Douglass was under the authority of said board."

The court gave the following instruction at the instance of the defendant: " Before the court can find for the plaintiff, it must be found that there was a submission to arbitration made by plaintiff and defendant, and an award made in pursuance thereof."

The plaintiff took a nonsuit, with leave, &c.

*Guitar & Gordon*, for plaintiff in error.

I. In order to authorize the submission by Stone and Douglass as the agents of defendant, a vote or resolution entered upon the minutes or record was not necessary. Such an appointment may be implied from acceptance of their services, or from the recognition or confirmation of their acts. (Angell & Ames on Corp. 220, 221, 270 ; R. C. 1855, p. 371, § 5, 8.) Express authority was not necessary. Such authority may be proved by the declarations of the agent whilst acting in his official capacity. (4 S. & R. 317; 1 Maryl. Ch. 398 ; Angell & Ames on Corp. 521.) The court erred in refusing the instruction asked.

*Prewitt*, for defendant in error.

I. The second instruction was properly refused. All that was law in it was contained in the first instruction. The facts stated in the second instruction do not, as a matter of law, prove a ratification of the award. (19 Mo. 557 ; 17 Mo. 145 ; 8 Mo. 260–1.) The evidence given does not warrant the instruction. An authority to settle does not imply an authority to submit to arbitration. How can the silence of the trustees imply a ratification ? A vote was necessary. (R. C. 1855, p. 371 ; 26 Mo. 104 ; Angell & Ames on Corp. § 239, 232 ; 8 Mass. 298 ; 1 Greenl. Ev. § 199.) There was no ratification. A committee was appointed to adjust the very matter that was adjusted if the arbitration was ratified. It is nowhere shown that Stone and Douglass were members of the board. There was no award made ; there was simply an estimate of what the work was worth. (10 Mo. 162.)

NAPTON, Judge, delivered the opinion of the court.

The only question presented by the record is whether, under the circumstances, the circuit court was warranted in refusing to give the second instruction which the plaintiff asked. The case was tried by the court without a jury. The object of the refused instruction seems to be to procure from the court a declaration of law, that a statement by a member of the board of trustees, made during the session of the board, being allowed to pass uncontradicted, is to be considered as binding the board. This is going further, we think, than the authorities will warrant.

There is no doubt that in order to establish an agency from a corporation, or an authority in a known and recognized agent to do certain acts on behalf of a corporation, it is not indispensable to show a written authority, or vote, or resolution of the corporation. In the present case, however, there was an attempt to prove an authority on the part of the committee to submit the matter in dispute between plaintiff and defendant to arbitration by the mere declaration of one of the committee. This is not like the case of recognized and regular officers, such as cashier of a bank, or secretary of a board, where the corporation has been in the habit of adopting or ratifying every thing done by them in a certain routine of duties. Here is a temporary committee of the board submitting a disputed claim to arbitration, which they say the board referred to them with authority to settle. If the authority to settle implied power to refer to arbitration, still it would seem that in order to make the award binding on the board, the committee must first approve of it and report it to the board as their settlement. The declaration of Stone, referred to in this case, did not show any final report of the committee, but that the committee failed to take further action by reason of some other difficulty which sprung up.

But it is clear that the declaration of Stone, or any other individual corporator, made in the presence of the board

17—VOL. XXIX.

without contradiction, was not of itself conclusive as a ratification of the board. The mere silence or inaction of the board, under such circumstances, ought not to be regarded as conclusive. The subsequent reference to the same committee, with a change of some of its members, shows that such was not the understanding of the board.

If, then, the object of the instruction was to declare that admissions of one or more trustees were conclusive, the instruction asked was properly refused. But if the object of the instruction was simply to declare that the facts enumerated in it were competent evidence in the case, the refusal to give such an instruction could not be error, as the court, by admitting the evidence, had already declared it competent. The only reasonable interpretation to be placed upon the refusal on the part of the court when discharging the functions of both court and jury, to give such an instruction, would seem to be that the facts referred to in the instruction, although considered competent evidence, were not regarded by the court as satisfactory to the court sitting as a jury upon the question of ratification. Regarded in either point of view, there was no error in refusing the instruction.

Judgment affirmed; the other judges concur.