## In the Matter of the Estate of WILLIAM IRVINE, Deceased.

Estates of Deceased Persons—Compromise of Claim—Action to Rescind—Finding Against Evidence.—Where a claim against the estate of a deceased attorney was compromised with the administrator by allowing an offset of $250, as attorney's fees, in an action to rescind the compromise for fraud, upon the alleged ground that a balance of $880, due to the claimant, had not been paid or accounted for, except to the extent of $250, which had, without right, been charged as attorney's fees, a finding that, by reason of false representations, plaintiff was induced to settle the claim, and accept in full payment $500 less than the amount justly due and payable, is against the evidence, where the testimony in behalf of the administrator proved that the whole claim, excepting the sum of $250, agreed upon for attorney's fees, had been paid to the claimant, and written instruments were proved, consisting of a satisfaction of the judgment, in which there was an acknowledgment that the whole claim had been paid by the administrator, and a release of the administrator from all claims, acknowledging that the whole claim, less $250, had been paid to the claimant by the administrator, and a written receipt for the sum of $250, on account of the claim, signed by the claimant, and the oral contradiction by the claimant of the effect of the writings, and of the proof of payment, and oral evidence of the claimant that $880 had not been paid, given six years after the date of the writings, does not create a substantial conflict sufficient to support the finding of the court.

Id.—Weight of Evidence—Contradiction of Writings.—Oral testimony in contradiction of the plain terms of written instruments, or of written admissions, should be clear, full, and precise; and the weight to be given to such testimony diminishes from the date of the instrument which it purports to contradict or overcome.

Appeal from a decree of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Seawell, J. B. Reinstein,* and *George A. Rankin,* for Appellant.

*Henry N. Clement,* for Respondent.

*G. W. Haight,* for the heirs of decedent.

Harrison, J.—The decedent in his lifetime made a promissory note to Annie M. Bascom, for the sum of

$3,600, and to secure its payment made a mortgage upon certain lands in San Francisco, standing of record in his name. This mortgage was not placed of record until after the death of the mortgagor, and subsequent to its execution he made an agreement for the conveyance of the land to one Connolly. The money for which the note was made belonged to Eudora V. Smith, the petitioner herein, but for personal reasons the note and mortgage were executed to her mother, Mrs. Bascom. A claim upon the note and mortgage was presented to the administrator of the decedent's estate, but was rejected, for the reason, as claimed by him, that there had been an agreement on the part of the petitioner for a reduction of the rate of interest, and also that there was an unadjusted claim against her in behalf of the estate for services as her attorney. No action was ever brought by her upon the claim after its reduction, nor did she ever present any other claim against the estate. Subsequent to the rejection of the claim, Connolly brought an action against the administrator for the performance of the aforesaid agreement of sale. In that action Mrs. Bascom was made a party defendant, and she in her answer alleged the execution of the note and mortgage, and it was adjudged therein that Connolly was entitled to a conveyance from the administrator, but that the mortgage of Mrs. Bascom was a first lien upon the land, and that the land be sold by the sheriff, and out of the proceeds she be paid the sum of $3,980. The property was not sold under this judgment, but, out of the proceeds of a private sale of the property made by Connolly, the amount of the judgment was turned over to the administrator of Irvine's estate, to be applied in its satisfaction, it being recognized as an obligation of that estate. In his final account the administrator credits himself with having paid this amount to the petitioner, and this account was settled and allowed by the court. December 21, 1888, the petitioner filed her petition in the matter of said estate for an order setting aside the order settling the

account, setting forth therein that, by reason of certain false representations made to her, she had been induced to agree to a compromise of her claim against the estate, and that the administrator, instead of paying her the sum of $3,980, as claimed by him in his account, had paid her only $3,100, and that the balance of $880 had not been accounted for except to the extent of $250, which in his account he had without right charged as attorney's fees collected from her. These averments of the petitioner were denied by the administrator, and the matter was heard by the court, who found as facts that certain representations, which were untrue in fact, were made to the petitioner, and that she, believing them to be true, "was induced to compromise and settle, and did compromise and settle, her claim against the estate of said decedent, and agreed to accept, in full payment thereof, $500 less than the amount justly due and payable to her thereon," and as a conclusion of law, found that she was entitled to have paid to her out of the assets of said estate in the hands of the administrator, the sum of $500, and for said purpose the order settling the final account should be set aside. A motion for a new trial was denied, and afterwards a decree was entered, setting aside the order settling the account, and directing the payment to the petitioner of said sum of $500 out of the funds of said estate. From this order and decree an appeal has been taken.

The court does not find in direct terms that the petitioner did not receive from the administrator the full amount of her claim, but it is fairly to be inferred that such was intended to be its finding. The only evidence in support of such finding is that of the petitioner herself, and an examination of her testimony fails to support the conclusion of the court, her only statement to this effect being that she settled the claim for $3,100; that the way in which she remembered that she got only $3,100 was that she knew that she had loaned $3,600, and got only $3,100, and did not get any interest. She

also testified that she did not remember in what sums this amount was paid, nor the dates at which she received it; that she never wrote down the amounts that she received or added them up, and was not able to state the different amounts that she had received, or by whom they were paid to her. Testimony was given on behalf of the administrator to the effect that the sum of $250 was agreed upon by the petitioner, as the amount due from her to the estate for attorney's fees, and the court finds this to be the fact. There was also the testimony of the witnesses by whom the money was paid, that the full amount of the balance, viz., $3,730, had been paid to the petitioner, giving the different sums and the dates and form in which this amount had been paid to her. If there had been no other evidence, the finding of the court must have been sustained as its conclusion upon conflicting testimony; but the testimony of the petitioner was contradicted by her own written statements made at the time of the payment, and which must be regarded as superior to her testimony given nearly six years later, dependent upon a memory acknowledged by herself to be defective.

There were introduced in evidence two written instruments executed by Mrs. Bascom, viz., a satisfaction of the judgment, in which was an acknowledgment that the sum of $3,980 had been paid to her by the administrator; and a release by her of the administrator from all claims, in which Mrs. Bascom also acknowledged that the sum of $3,730 had been paid to her by the administrator. Although the note and mortgage had been made in the name of Mrs. Bascom, the money belonged to Mrs. Smith, the petitioner herein, and the business in reference thereto with the administrator of the estate, and throughout the litigation, had been entirely transacted by Mrs. Smith, who had also procured these releases from Mrs. Bascom. There was also introduced in evidence a release of all claims against the administrator and his attorney, executed by Mrs. Smith, which she expressed therein was made by her in con-

sideration of the sum of $3,730, that day paid by the administrator to Mrs. Bascom.

The defective character of Mrs. Smith's memory was shown in many parts of her testimony. She testified with reference to the Connolly judgment: "I never heard of it until recently, never until I read it here. I did n't know any thing about the judgment. If I had known that the court had ordered that judgment should be paid in full, I would not have presented strangers with $500 that I could not afford to lose." Yet there was introduced in evidence a written receipt for the sum of $250, signed by herself for Mrs. Bascom on the day the judgment was entered, " on account of judgment in my favor, and against the estate of William Irvine, for the sum of $3,980 in the case of *Connolly* v. *Marye*, as administrator, etc., in the superior court of the state of California, in and for the city and county of San Francisco." A similar recognition and knowledge of this judgment appears in the afore-named satisfaction and release that were executed by Mrs. Bascom, and of which the petitioner had full knowledge at the time of their execution.

The rule is well established that oral testimony in contradiction of the plain terms of a written instrument, or of written admissions, should be clear, full, and precise, and that the weight to be given to any such testimony diminishes with its distance from the date of the instrument, which it purports to contradict or overcome. This contemporaneous evidence on the part of Mrs. Smith is so directly at variance with her oral testimony upon the same subject given so many years later, and is so corroborative of the testimony on the part of the administrator, that we think her oral testimony did not create a substantial conflict with that given on the part of the administrator, and that the above finding of the court was contrary to the evidence. The court did not itself accept the testimony of Mrs. Smith as satisfactory, since, as it was conceded that the sum of $3,980 was due upon the note and mortgage, and she testified that she

only received $3,100, there was no testimony which could form the basis of a finding that $500 was the amount that had not been paid to her.

The judgment and order are reversed.

FITZGERALD, J., McFARLAND, J., and BEATTY, C. J., concurred.

DE HAVEN, J., concurring.—I concur.   Upon a more careful consideration of this case since its reargument, I am entirely satisfied that the conclusion reached in the foregoing opinion of Mr. Justice Harrison is correct, and that there is not such a substantial conflict in the evidence as to justify this court in sustaining the findings of the superior court upon that ground.