[S. F. No. 1804.   Department One. — May 4, 1901.]

ROBERT E. MOORE, Appellant, v. G. W. GRAYSON, Respondent.

PAROL CONTRACT — ACTION TO RECOVER MONEY PAID — AGENCY OF DEFENDANT FOR THIRD PERSON — WRITTEN ADMISSION OF PLAINTIFF — SUPPORT OF FINDING. — In an action to recover money paid under an alleged parol contract with the defendant for the sale of land and cattle, the existence of which was denied, where there was proof tending to show that the defendant merely acted as agent for a third person, to plaintiff's knowledge, besides evidence of a letter written by the plaintiff to such third person, requesting a deed for land stated to have been bought from him, notwithstanding plaintiff's oral evidence to the contrary, given several years later, a finding that the defendant did not make the contract otherwise than as agent for such third person, to plaintiff's knowledge, is amply supported by the evidence.

ID. — WEIGHT OF TESTIMONY — WRITTEN ADMISSIONS BEFORE CONTROVERSY — ORAL CONTRADICTION — LAPSE OF TIME. — The written admissions of a party, made before any controversy has arisen, as to the meaning and effect of a contract, outweigh his oral testimony given in contradiction thereof, after the controversy has arisen, and the weight to be given to evidence contradicting a written instrument diminishes with its distance from the date of the instrument which it purports to contradict or overcome.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Henry E. Monroe, and W. B. Treadwell, for Appellant.

Garber, Boalt & Bishop, and William Rix, for Respondent.

VAN DYKE, J. — The complaint alleges that the plaintiff and defendant entered into a parol contract — no writing or note or memorandum of the same having ever been made — by which the defendant agreed to sell and the plaintiff agreed to purchase a certain tract of land in the state of Nevada, consisting of 2,445 acres, being a cattle-ranch, with a certain band of horses and cattle thereon, for the sum of $60,000; that the plaintiff, in pursuance of said contract, paid to the defendant at the time $14,000 of the purchase price, and thereafter various sums, amounting, with the first payment, to $59,154.47; that the defendant delivered to the plaintiff the cattle and horses, and delivered to him conveyances for about 1,200 acres of the land in question; that the land so conveyed consisted of scattered parcels, the remainder unconveyed being necessary to make a continuous tract; that the defendant subsequently refused to make further conveyances or to comply with his contract; that before the commencement of the action the plaintiff demanded a conveyance of the lands not theretofore conveyed, which demand was by the defendant refused; that thereupon the plaintiff tendered to the defendant a reconveyance of the lands theretofore conveyed to him, and offered to surrender possession thereof, and demanded of him the repayment of the sum so paid, less $28,180, the value of the horses and cattle which he had received from the defendant, and had theretofore disposed of for that amount, which offer the defendant declined, and refused to repay said sum or any portion thereof.

The answer denies specifically the allegations of the complaint, and it is contended on the part of the defendant that the transaction was made by him for and on behalf of his brother, Nathan Grayson, and that said Nathan Grayson and his son, George W. Grayson, Jr., were the owners of said land constituting said stock-ranch, and said cattle and horses; that the proceeds of the sale of the same to the plaintiff were to be received by the defendant as the amount of the indebtedness due him from his said brother, Nathan Grayson.

The judgment below went for the defendant, from which and from an order denying a new trial plaintiff takes this appeal.

The findings of the court below sustain the contention of the defendant, that the defendant, as the agent for his brother, Nathan Grayson, entered into a parol agreement with the plaintiff, by the terms of which Nathan Grayson agreed to sell to plaintiff the lands referred to, with the horses and cattle, and that said defendant, in such transaction, did not act for himself, but as the agent of his brother, which fact was known to the plaintiff.

The main, and in fact the only, contention on the part of the appellant is, that the findings are not supported by the evidence. There are about an equal number of witnesses on each side, the material witnesses on the part of the plaintiff being the plaintiff and his wife, and on the part of the defendant, the defendant and George W. Grayson, Jr., Nathan Grayson having died prior to the trial. The plaintiff is the nephew of the defendant and of Nathan Grayson, deceased, and the cousin of his son, George W. Grayson, Jr. The appellant seeks to destroy the force of the defendant's testimony, on the ground that there is a conflict between his deposition taken some time prior to the trial and his testimony at the trial. The defendant, however, at the trial, in advance, voluntarily explained discrepancies and misstatements in his deposition, which explanations seem to have been satisfactory to the judge before whom the cause was tried, and who had an opportunity of witnessing the conduct and demeanor of the defendant as a witness on the stand, and was much better prepared to determine the credibility of his testimony than the appellate court. Besides, the testimony of the plaintiff is very much weakened, if not entirely destroyed, by a letter written by him to his uncle, entirely inconsistent with his testimony and theory of the agreement. The trade or sale was entered into in June, 1885, and the plaintiff thereupon immediately entered into possession of the ranch and cattle, had received conveyances for over 1,200 acres of the lands purchased, and was anxious to get conveyances for the balance, and for that purpose wrote the following letter: —

"RENO, NEVADA, May 23, 1892.

"MR. N. GRAYSON.

"*Dear Sir,*—I sent to you a deed, and hope that you will have it filled out and properly signed and acknowledged and

returned to me at your earliest opportunity.   It is a piece of real estate that you applied for when you were in this state, and which I bought from you in 1885, but have never had a deed from you yet.   I saw cousin George, your boy, some two months ago.   He is quite lame yet from his smash-up on the train.   I don't know anything of any interest to you, as I have not been to California for some time.   My family are all well at present.   With kind regards, I am,

"Yours respectfully,

"ROBERT MOORE."

The "piece of real estate" mentioned in this letter is one of those embraced in the sale referred to.   Before this letter was produced, plaintiff, while giving his testimony, had denied that he ever told Nathan Grayson that he bought the land from him, or that he ever considered or thought so; the admissions in the letter are entirely inconsistent with the claim of the plaintiff that he bought from George W. Grayson, Sen., instead of Nathan Grayson.   The written admissions of a party, before any controversy has arisen, as to the meaning and effect of a contract, manifestly outweigh oral testimony in contradiction of same, given after the controversy has arisen.   In *In re Irvine*, 102 Cal. 606, it is said: "The rule is well established, that oral testimony in contradiction of the plain terms of a written instrument, or of written admissions, should be clear, full, and precise, and that the weight to be given to any such testimony diminishes with its distance from the date of the instrument which it purports to contradict or overcome."   In this case the letter, as shown, was written May 23, 1892, and the trial of the cause in which the oral testimony was given was had in March, 1896.   But, without detailing in full the testimony on the respective sides, it is sufficient to say that there was a substantial conflict, with a preponderance in favor of the defendant.   Under the general rule that this court will not disturb the findings of the court below where there is even a substantial conflict in the evidence, the judgment and order denying a new trial in this case must be affirmed.

It is so ordered.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.