(No. 11941.—Judgment affirmed.)

NORA STUMP, Plaintiff in Error, *vs.* G. B. DUDLEY, Exr., *et al.* Defendants in Error.

*Opinion filed October 21, 1918.*

1. EVIDENCE—*admissions of party to a suit are competent when offered by an adversary.* On appeal by the executor to the circuit court from a judgment of the county court allowing a claim on a note, admissions made by the claimant as to the .consideration for the note or the circumstances of its execution and delivery are admissible, and may be proved, in case they consist of her testimony in the county court, by the stenographer who took the testimony.

2. SAME—*objection to form of questions must be made in the trial court.* Objection to the form of the questions put to a witness must be made in the trial court or it is waived.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding.

CHARLES WALLACE, and C. C. LEE, for plaintiff in error.

ALBERT C. & BEN F. ANDERSON, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Nora Stump, plaintiff in error, filed her claim, based on a promissory note, against the estate of her father, J. Pennington Rennels. The claim was contested. The cause was heard in the county court of Coles county by a jury, which returned a verdict for $2493.11 in favor of the claimant, and judgment was rendered thereon. The cause was appealed to the circuit court, where judgment was rendered for $2250 in favor of plaintiff in error. On appeal to the Appellate Court for the Third District the judgment of the circuit court was reversed, with a finding of fact "that the note sued on was a mere promise to make a gift and was without consideration." The judgment of the Appellate Court has been brought to this court for review by writ of *certiorari.*

The sole contention made is that the only evidence supporting the finding of fact of the Appellate Court was improperly admitted. On the trial in the county court plaintiff in error was called as a witness by defendants in error. On the trial in the circuit court the stenographer who took the testimony in the county court was called as a witness by the defendants in error and testified to the testimony given by plaintiff in error upon the trial in the county court with reference to the circumstances under which the note was executed and delivered by the deceased to the plaintiff in error. Plaintiff in error contends that this testimony was improperly admitted. No objection was made when the testimony was offered, either as to its competency or as to the form of the questions propounded to the witness. After the testimony of this witness had been concluded plaintiff in error moved to strike it, which motion was denied. The plaintiff in error was a party, and it was competent for defendants in error, on the trial, to prove any statements made by her at any time which were in the form of admissions as to the consideration for the note or as to the circumstances under which it was executed and delivered. The proof of such admissions is not subject to the objection that it is hearsay where the statements are those made by a party to the suit and are offered as evidence by his adversary. Admissions of a party to a suit are always competent and admissible when offered by the opposite party. (*Chase* v. *Debolt,* 2 Gilm. 371; *Brown* v. *Calumet River Railway Co.* 125 Ill. 600.) This evidence was properly admitted and fully supports the finding of fact of the Appellate Court.

The testimony is not subject to the criticism made by plaintiff in error that it was not shown where and under what circumstances plaintiff in error made the statements testified to by the stenographer. In her preliminary examination the stenographer testified that the statements were made and taken down by her at the former trial in the county court.

Plaintiff in error contends that the questions propounded to the stenographer were improper in form. No objection was made on this ground during the examination of the witness. The questions as propounded were not in proper form, but plaintiff in error had the right, if she chose, to waive objection to the form of the questions. If she desired to take advantage of this point it was necessary for her to object at the time the questions were asked and upon that specific ground.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*