*Sparr & Green vs. Wellman.*

---

## SPARR & GREEN vs. WELLMAN.

1. A witness must state facts and circumstances, and not his inferences or opinions. It is for the jury to draw conclusions from the facts in connexion with all the attending circumstances as testified by the witnesses.

2. It is not essential to constitute a statement, an admission, that the party should have personal knowledge of the facts admitted. Where a party believes a fact to be true upon evidence sufficient to convince him of its truth, his statement of such fact if against his interest, evidence against him; though of an unsatisfactory character, it is still competent.

3. A party is a competent witness in his own favor, in cases in which the defendant has been guilty of some tortious act, or of some fraud, and where no other evidence can be had, as in the case of a bailee who breaks open a box committed to his care, and steals the contents; and the rule also extends to inn-keepers whose lodgers are robbed.

4. In all such cases the tort or robbery must first be proved by evidence *aliunde*—then the plaintiff can by his own oath establish the articles stolen or lost.

5. The evidence to establish the tort or robbery must be clear, to authorize the admission of plaintiff's oath. Of the weight of the preliminary evidence the court is to judge.

6. Evidence improperly admitted by the court, may be subsequently excluded, and the error of its admission will thus be cured.

7. In an action against an inn-keeper for the loss of goods committed to his charge, the jury may give interest upon the amount of the goods lost, by way of damages, but are not compelled to give such damages.

## APPEAL from St. Louis Court of Common Pleas.

FIELD, *for Appellant, insists:*

1. That the court below arbitrarily excluded from the jury important statements made by the witness Crenshaw, on cross examination.

2. That the court prevented the defendant from putting a proper and important question to the same witness on cross examination.

3. That the court permitted the plaintiff to testify in his own cause, contrary to a long established maxium of the law.

4. Nor was this last error cured by the judge, telling the jury to disregard the evidence; for who can say what effect it had on their minds? besides, what regard would a jury probably pay to such an injunction of the judge, when he had but a little while before in the same trial decided the evidence to be legal and proper?

5. The instruction given by the court is clearly wrong, for it in effect tells the jury that the defendants were liable though the loss might be occasioned by the plaintiff's own default or negligence.

6. The same instruction is erroneous in declaring that defendants were liable by law to the payment of interest on the value lost. This rested purely in the discretion of the jury, and they should have been informed that they might give interest or not.

7. The court erred in refusing the first instruction asked by defendants, for as the burthen of proof was on the plaintiff, he certainly was bound to satisfy the jury that he was not robbed by his own associates, or with his own connivance.

8. In refusing the defendants' second instruction, the court committed the same error as in the cross examination of Crenshaw. The judge seemed to think that the ideas communicated by a speaker are of no importance in estimating the value of a conversation in evidence. In effect, the learned judge by refusing this instruction, told the jury that what Sparr mean*t*, or what the witness understood him to mean in their conversation, was not at all to be regarded by them. This was error. See Hall vs. Guthrie, 10 Mo. R.

STRINGFELLOW & WILLIAMS, *for Appellee.*

1. The witness Crenshaw could only testify as to facts—to the declarations of Sparr—leaving the jury to give to those declarations a construction. He could not give his inferences as to the source from whence the defendant derived his information, there being nothing said by defendant as to the source of his information. 1 Greenleaf, p. 414; Starkie, 1 vol., tit. Witness.

2. If the evidence sought by defendants from the witness Crenshaw, was properly excluded, the instruction asked by defendants was properly overruled—there being no evidence before the jury on which to base the instruction.

3. The appellee was entitled to recover six per cent on the amount lost.

4. The appellee was a competent witness to prove the articles stolen, the fact of the robbery having been proved *aliunde.* 1 Greenleaf, p. 348, 472 & notes; 16 Peters, U. S. vs. Murphy, 203, and cases cited; Story on Bailments, p. 462, 477, 478, 480, 482, 483; 1 Starkie, 120.

5. The appellant cannot complain of the oral instruction of the court as it was in favor of appellant.

NAPTON, J., *delivered the opinion of the Court.*

This was an action on the case brought to recover the value of certain property, alledged to have been stolen from the plaintiff whilst a guest at the inn of the defendants. The case was tried upon the general issue.

The plaintiff introduced a witness, *Crenshaw,* who stated, that in May, 1845, whilst he was collecting news for the *New Era,* a daily journal in St. Louis, he was informed that a robbery had been committed at the Virginia Hotel; that he went to said Hotel to learn the particulars and arrived there about dinner time, where a considerable crowd was collected in the bar room; that he stepped up to Mr. Sparr, one of the defendants, and asked him if there had been a robbery at his house the night before; that Sparr answered in the affirmative, and turned to his register and gave him the names of the three persons robbed, among whom Wellman, the plaintiff, was one; and Sparr further said, that Wellman's room was entered, and he had been robbed of $180 in money and a fine gold watch. On cross examination, this witness stated, that he had for some time been a collector of local news for the press—that the conversation with Sparr was hurried, and he believed Sparr knew at the time he was collecting news for the press. He stated further, that from nothing which took place at the time between himself and Sparr, did he infer that Sparr had any personal knowledge in regard to the robbery. This last statement was objected to, and excluded by the court, and an exception taken.— The defendant then asked the witness, if said Sparr did not give him, the witness to understand, that what he, Sparr, stated about the robbery was the mere report of what the parties said to have been robbed, had told him. This question was objected to, and excluded and an exception

taken. On examination by plaintiff, this witness stated, that Sparr told him that Wellman's room had been entered, and his money and watch stolen—this was said without qualification.

It was proved that when plaintiff called on Sparr to pay his board, Sparr remarked that his bill was seven dollars, but as he had been unfortunate in being robbed, he would only charge him five dollars.

The plaintiff then read Sparr's receipt for $5, for one week's board.— The plaintiff then offered *himself* as a witness to prove the particular articles of which he had been robbed. This was objected to—but the court decided that the plaintiff was competent to give evidence of the articles of which he had been robbed, but not to prove their value. An exception was taken on this point. Plaintiff then stated, that he was robbed of two fifty dollar bills on the Bank of Missouri, one twenty dollar bill, five ten dollar, and one five dollar bill on the Northern Bank of Kentucky, one double cased patent lever watch, which cost $140, a key and heavy gold guard chain, that cost $40. On the morning after the robbery, he thought he had lost $180, and so told Sparr, but afterwards on reflection recollected that he had paid out $5.

The plaintiff then proved the value of gold watches, &c.

The court instructed the jury, that "if the defendants were inn-keepers and the money and effects of plaintiff were stolen or otherwise illegally taken from his room, he being at the time a guest of defendants, they are liable for the money and effects so stolen or taken with six per cent. interest from the day of the loss."

The defendant asked the following instructions, which were refused:

1. The defendants are not liable, unless the plaintiff has given evidence of the circumstances of the alledged robbery, so far as to enable the jury to determine whether the same was committed by plaintiff's servants or associates or others.

2. If the statements of Sparr to Crenshaw, were merely the repetition of information derived from the plaintiff, and not intended by him as an admission of the fact of robbery, the statements are no legal evidence of such facts.

Before the jury retired, the court told them to disregard the evidence given by the plaintiff as a witness, and decide the cause upon the other testimony.

There was a motion for a new trial overruled, and the case was brought here by appeal.

The point which first presents itself on the record is the competency of the question propounded to the witness Crenshaw; and in this con-

nexion, we will also consider the second instruction asked by the defendant.

It appears that the witness had detailed the words of Sparr, and was then asked what inference he drew from this language; whether he did not infer that what Sparr stated about the robbery was the mere report of what the parties said to have been robbed told him.

It is the province of a witness to state facts and circumstances, from which the jury may draw inferences, but it is not for the witness to state his own inferences or opinions. The language used by Sparr was therefore properly accompanied with the circumstances under which it was used, and it was for the jury to determine what meaning should be given to it under these circumstances. The circumstances detailed by the witness—that he was a collector of news—that the conversation was about dinner time, when a crowd was assembled—that it was a hurried conversation—might lead the jury to the conclusion, that Sparr was merely stating what he had heard from others, and about which he had formed no opinion. If this was the conclusion of the jury, it was their duty to diregard it. It could not amount to an admission. On the other hand, there were other circumstances, in addition to those mentioned by the witness, but which were in evidence, from which a different conclusion might have been drawn. Sparr was an inn-keeper, and Wellman was his guest. A robbery was alledged—and the inn-keeper himself, in this conversation with Crenshaw, and afterwards with another witness, speaks of it as a fact, without qualification. Might it not be inferred, from the relation of the parties, that the inn-keeper, upon hearing such a report, would feel sufficient solicitude for the credit of his house, to make the necessary inquiries and satisfy himself of the truth of the reported robbery, before he would contribute to its promulgation through the columns of a daily newspaper? If he had made such inquiries, and became convinced of the truth of the report, he was then stating as fact, what he had not only heard, but believed.

An admission is the statement of a fact against the interest of a party making it—but it is not essential to constitute it an admission, that the fact should have come under the personal observation of the declarant. Undoubtedly admissions of the latter kind are much stronger than where the declaration is of a fact, of which the party could have no personal knowledge. But where a party believes a fact upon evidence sufficient to convince him of its existence, his declaration of the existence of that fact, if against his interest, is evidence against him. It is no doubt evi-

dence of a very unsatisfactory character, depending altogether on the circumstances under which it is made, but it is competent.

The competency of the plaintiff Wellman, to prove the articles of which he was robbed, is an important question in this case. His admissibility is supposed to be embraced within an exception to the general rules of evidence, which has been noticed by some elementary writers and sanctioned by a few adjudged cases. The exception is stated by Mr. Greenleaf in the following terms: "Where it has been already proved, that the party against whom the oath is offered, has been guilty of some fraud, or other tortious and unwarrantable act of intermeddling with the complainants goods, and no other evidence can be had of the amount of damages, the oath *in litem* is admitted." The evidence of the plaintiff is admitted in such cases, according to this writer, not only on the ground of the odium entertained against spoliation, but because from the necessity of the case and the nature of the subject, no proof can otherwise be expected. It will be observed, that the cases in which such testimony has been allowed, and to which the commentator referred to would seem to confine it, are all cases, where the *defendant* himself has been guilty of tort, to redress which the action is brought. One of the grounds upon which its introduction is justified, is that the law of evidence may properly be modified *in odium spoliatoris*. Thus, in the case of Herman vs. Drinkwater, (1 Greenleaf, 27.) The defendant was master of a ship, and having received a trunk of goods on board of his vessel, to be carried to another port, he broke open the trunk and rifled it of its contents. So also, in Clark vs. Spence, (10 Watts, 335,) the action was against the bailee, who by negligence had lost a trunk entrusted to him by the plaintiff. The cases of Childrens vs. Saxby, (1 Vern., 207,) and the case cited in E. India Co. vs. Evans, (1 Vern., 308,) are of the same character, in this respect. The present suit is against an inn-keeper, to recover the value of articles stolen or lost by a guest whilst a lodger in the inn. The articles alleged to be stolen were not entrusted to the charge of the inn keeper, but were taken from the room occupied by the guest. It is only upon the ancient and perhaps somewhat severe law, adopted from considerations of public policy, that the inn-keeper is in such cases held responsible for the loss. There is no breach of trust or fraud necessarily implied by such an occurence. The robbery may have been committed, notwithstanding the exercise of the greatest caution and vigilance on the part of the innkeeper, and it is only on account of a great principle of public policy, adopted at a period when travelling, was conducted on a very limited scale compared with the present condition of

society, that the law holds the innkeeper responsible almost without regard to the causes of the loss. It is obvious then, that one of the reasons invoked in favor of this exception to the general rule of evidence, does not apply to the present case.

But it is further to be observed, that the plaintiff has only been permitted to testify concerning the amount of damages, after a foundation has been laid for the parties oath, by proving the other facts of the case. In the case of Herman vs. Drinkwater, the delivery and violation of the trunk was proved *aliunde*, before the owner was allowed to prove its contents. This qualification of the rule is certainly not without embarrassment; for, who is to determine whether the principal facts of the case have been proved or not? Of course the court must do this, and in a case where the proof was of a doubtful character, the court might very well hesitate to assume as proved, what must at last be passed upon by the jury. It is obvious, that it is only in clear cases that a court would be authorized to admit the party's oath, if the establishment of the preliminary facts be considered as essential to its admission. In the present case the only evidence of the robbery was the declaration of Sparr. That declaration might or might not according to the circumstances under which it was made, and of which the jury were to judge, amount to a satisfactory admission.

There is another circumstance alluded to as essential to the admission of the party's oath, and that is, that no other evidence can be had. This is in truth the principal ground for the exception which has been made. It is not presumed, that a man would disclose the contents of a box or trunk delivered to a carrier or inn-keeper. This principle applies, we think, with equal force to the present case. It is as little to be presumed that a traveller would have any means of proving the contents of his pocket book, as of his trunk. If the other circumstances essential to the admissibility of Wellman's oath existed in this case, no objection could be made on account of any distinction between the trunk or box of a traveller and a pocket book carried in some portion of his wearing apparel.

Before the case was submitted to the jury, the court directed them to disregard Wellman's evidence. It appears to have been held in New York, and perhaps some other States, that it is error for a court to admit a party's declarations in his own favor, although the jury are afterwards directed to disregard them. Penfield vs. Carpenter, 13 J. R., 350; Tuttle vs. Hunt, 2 Cow., 436; Brown vs. May, 1 Munf., 291. A different practice seems to have prevailed here. In Pavy & Orr vs. Burch, 3 Mo.

R., 314,) the Circuit Court had admitted evidence to show the meaning of the words "*neat brick*" among brick masons—it having been the agreement of the parties to pay for a house according to the number of neat brick in it; and, although the Circuit Court had directed the jury to construe the words of the covenant according to their general import, without regard to the understanding which may have prevailed among brick masons, the Supreme Court reversed the judgment, because the illegal evidence was not *expressly* withdrawn from the jury. The court declared, that the jury should have been told *in terms* to disregard the illegal evidence which had been incautiously admitted. It would seem from this opinion, that the power of the Circuit Court to correct errors of this sort in the progress of a cause, was admitted.

The instruction which imposed upon the jury the duty of giving interest upon the plaintiff's lost property, was erroneous. It was in the power of the jury to have given interest, if they thought the circumstances warranted it.

The other Judges concurring, the judgment is reversed, and the cause remanded.