NORTHEAST OKLAHOMA R. CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12527—Opinion Filed Dec. 19, 1922.

Rehearing Denied Jan. 23, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation — Evidence — Report of Employer.**

The report made by the employer of an accident in compliance with section 2, article 5, chapter 246, Session Laws 1915, becomes a part of the record in each case and may be considered by the commission in making its finding in determining whether the employe is entitled to compensation under the Workmen's Compensation Act.

2. **Same—Appeal—Scope of Review—Questions of Fact.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final.

3. **Same.**

Record examined, and held, the appeal involved a question of fact and not a question of law.

Error from Order of State Industrial Commission.

Action by the Northeast Oklahoma Railroad Company and another to reverse an award of workman's compensation to Ben D. Bagby. Affirmed.

G. W. Earnshaw and Ross & Thurman, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

McNEILL, J. This proceeding was instituted in this court by the Northeast Oklahoma Railroad Company, a corporation, and the Aetna Life Insurance Company, insurance carrier, to reverse an award of the State Industrial Commission awarding Ben D. Bagby compensation for disability resulting from an accident.

To reverse this order it is contended, first, there is no evidence in this case that the claimant received an accidental injury arising out of or in the course of his employment. With this contention we cannot agree. Section 2, art. 5, ch. 246, Session Laws 1915, page 493, provided, in substance, that the employer shall keep a record of all injuries received by its employes in the course of their employment, and shall make a report of the same to the commission within ten days, or a reasonable time thereafter. The company made such report on the 17th day of January, 1921, and filed the same with the commission, and in said report stated the accident occurred the 13th day of December, 1920, at 7 o'clock a. m., on the premises of the company, and while the employe was in the course of his employment, and the injuries received by the employe were that both ankles turned over and were sprained, and medical attention was furnished 33 hours after the accident, and medical attention was still being furnished, and the employe did not return to work on account of the accident, and had lost 31 days on account of the accident, and would probably be disabled for six weeks more. This report is a part of the records of the commission and made a part of the record in this appeal.

Section 8, art. 4, 246, page 491, Session Laws 1915, provides, in substance, that the commission or commissioners in making an investigation of inquiry shall be required to preserve a complete record of all oral or documentary evidence considered, or any part of such evidence, so any party affected thereby may object.

Section 7, art. 4, ch. 246, page 491, Session Laws 1915, provides the commission shall adopt reasonable rules, not inconsistent with this act, providing therefor, and subdivision 2 provides:

"The nature and extent of the proofs and evidence and the method of taking and furnishing the same to establish the right to compensation."

The employer's report of the injury becomes a part of the record, and may be considered by the commission in determining the right to compensation. This report made by the company, being part of the record, is sufficient to establish the fact that the employe received an injury while in the course of his employment.

This court in a long line of decisions has stated as follows:

"In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final." Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666; New State Ice Co. v. State Ind. Com., 87 Okla. 135, 209 Pac. 318.

Under this state of the record, the question of fact involved here is a question of fact, and not a question of law, and the judgment of the commission is final.

In considering this question, the court has not considered, and it is unnecessary to con-

sider, whether the amendment to the case-made made by the commissioner as to the examination of the employe by the commissioner is a part of the record as provided by section 8, art. 4, ch. 246, Session Laws, 1915.

It is next contended that the proof fails to show that the disability suffered by the claimant is a result of accidental injury. There is evidence in the record that prior to the date of the accident the employe was in good physical condition, although some seven or eight years prior thereto he had suffered from broken arches. There is evidence, also, that when he came home from his work his ankles were black and blue and swollen, and the attending physician's report, which is a part of the record, in describing the nature and extent of the injury described the same as a sprain of both ankles. The evidence further disclosed that the complainant had been unable to work since his injury. One of the doctors testified as follows:

"Q. What effect did the sprain have on his present condition? A. Well, that is what I am talking about. It caused the weakened condition of the system. Q. This injury depleted his power of resistance to such extent that this rheumatism or rheumatic trouble asserted itself? A. Yes, sir."

This was a question of fact, and there was sufficient evidence to support the finding of the commission that the injury was the proximate cause of the disability.

For the reasons stated, the award of the commission is affirmed.

KANE, JOHNSON, MILLER, KENNA-MER, and NICHOLSON, JJ., concur.