**LITTLE FAY OIL CO. v. STANLEY et al.**

No. 14105—Opinion Filed July 17, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation—Relation of Employe—Question of Fact—Evidence.**
The employer's report of injury made to the Industrial Commission which contains a statement of fact against the interest of the employer may be considered in evidence as an admission, and where such an admission is made and it is admitted that the claimant was employed by the respondent at the time of the injury, but upon the trial of the case the respondent testified that this report was made under a misapprehension of the facts, and that the claimant was employed by an independent contractor, it becomes a question of fact to be determined by the Industrial Commission, and it is for it to give to the admission and testimony at the hearing the weight which such deserves.

2. **Same — Finality of Decision Below on Facts.**
The decision of the State Industrial Commission is final as to all questions of fact,

and this court has no authority to weigh the evidence upon which any finding of fact is based where there is any evidence that will sustain the finding.

Error from the Industrial Commission.

Action by the Little Fay Oil Company to review award of workman's compensation to Henry D. Stanley. Affirmed.

Harris, Spielman, Thomas & Harris, for plaintiff in error.

Baxter Taylor, Asst. Atty. Gen., and N. W. Pugh, for defendants in error.

COCHRAN, J. This is a proceeding to review an award made by the State Industrial Commission to Henry Stanley for an injury sustained on April 11, 1922. The only question involved in this case is as to whether Stanley was an employe of the Little Fay Oil Company at the time the injury was sustained. It is the contention of the plaintiff in error that there is no competent evidence to support the finding of the Industrial Commission that Stanley was an employe of the Little Fay Oil Company, and that all of the testimony shows that Stanley was employed by C. H. Miller, who was an independent contractor and engaged as such in rebuilding a rig for the Little Fay Oil Company at the time the injury was sustained.

On April 21, 1922, the Little Fay Oil Company filed with the Industrial Commission the employer's first notice of injury, in which it was stated that Stanley was employed by the Little Fay Oil Company and that he was injured in the course of his employment; that he had been employed by the company one day as a time worker at $14 per day. Upon a trial of the case, Stanley testified that he was employed to work on a rig on a lease controlled by the Little Fay Oil Company; that Mr. Van Horn was the man who hired him, and that he was the foreman in the building of the rig; that he understood that Mr. Van Horn was working under C. H. Miller and that Mr. Miller was a contractor engaged in building rigs, and that he was told by Mr. Miller he was doing the work on this rig by the day. The lease superintendent in charge of this lease for the Little Fay Oil Company testified that Stanley was not employed by the Little Fay Oil Company, but was employed by C. H. Miller; that he had employed Miller to rebuild a rig; that nothing was said at the time he hired Miller as to how he was to build the rig or how he was to be paid for the work done; and that when the work was completed, Miller turned in his bill for the work, which was paid by the company; that Miller hired and paid all of the men em-

ployed in rebuilding the rig and the company had nothing to do with hiring or paying them.

The plaintiff in error contends that the facts as above stated show that Miller was an independent contractor and that Stanley was not employed by the Little Fay Oil Company. It is contended that the report of the injury, by which it was admitted that Stanley was employed by the Little Fay Oil Company, was made through a misapprehension of the facts by an officer of the company at Tulsa, who acted under information received over the telephone from the company superintendent in Stephens county, and it is further contended that since the evidence shows that the report was made under this misapprehension of the facts and the explanation is not contradicted, the effect of the report is nullified, and hence there is no competent evidence to support the finding of the commission.

In Northeast Oklahoma R. Co. v. State Industrial Commission, 88 Okla. 146, 212 Pac. 136, this court held that the employer's report made to the Industrial Commission may be considered by the commission in making its findings of fact, and in numerous cases this court has held that if there is any evidence that will sustain the decision of the Industrial Commission, its finding of fact is binding upon this court. Some of the more recent decisions on this question are Markham v. State Industrial Commission, 85 Okla. 81, 205 Pac. 163, and McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630.

The fact that the statements contained in the report of the employer were made by a person who did not have personal knowledge of the facts did not render the admission made in the report incompetent as evidence, but simply went to the weight to be given the admission as evidence.

In Sparr v. Wellman, 11 Mo. 230, the court said:

"An admission is the statement of a fact against the interest of a party making it— but it is not essential to constitute it an admission that the fact should have come under the personal observation of the declarant. Undoubtedly admissions of the latter kind are much stronger than when the declaration is of a fact of which the party could have no personal knowledge. But where a party believes a fact upon evidence sufficient to convince him of its existence, his declaration of the existence of that fact, if against his interest, is evidence against him. It is no doubt evidence of a very unsatisfactory character, depending altogether

on the circumstances under which it is made. but it is competent."

In Kitchen v. Robbins, 29 Ga. 713, it is said:

"The admissions would not made except on evidence which satisfies the party who is making them against his own interest, that they are true, and that is evidence to the jury that they are true. Admissions do not come in on the ground that the party making them is speaking from his personal knowledge, but upon the ground that a party will not make admission against himself unless they are true. The fact that he makes them against his interest can be reasonably explained only on the supposition that he is constrained to do so by the force of the evidence. The source from which a knowledge of the facts is derived is a circumstance for the jury to consider in estimating the value of the evidence, but that is all."

In Jones on Evidence, sec. 296, it is said:

"Admissions are not rejected for the reason that the declarant may have had no personal knowledge of the facts admitted; nor because made during intoxication; nor because they are drawn out by a false suggestion; nor because they may have been given under legal compulsion, as in answer to irrelevant questions or to questions which might have been objected to as incompetent, or in answer to interrogatories irregularly taken, or where there had been no opportunity to explain the answer. In all such cases the objection goes to the weight to be given to the admission and not to the question of competency."

In Ayres v. Metcalf, 39 Ill. 307, it is said:

"The design of all evidence being the attainment of truth, admissions should be left to the jury to give them the degree of weight which they believe they deserve."

In re Irvine's Estate (Cal.) 36 Pac. 1013, the court said:

"The rule is well established that oral testimony in contradiction of the plain terms of a written instrument, or of written admissions, should be clear, full, and precise, and that the weight to be given to any such testimony diminishes with its distance from the date of the instrument which it purports to contradict or overcome."

The testimony upon the hearing tending to show that Sanley was not employed by the Little Fay Oil Company did not nullify the admission contained in the report, nor render it incompetent; but it was the province of the Industrial Commission to consider the admission in connection with the evidence given upon the hearing and to give each the weight it deserves. It cannot be said that there was an entire lack of testi-

mony to support the finding of the commission, and in these circumstances we must decline to disturb the award made by the commission.

In the finding of the commission reference is made to the admissions contained in the report made on April 21, 1922, and the report filed July 12, 1922. A petition for rehearing was filed with the Industrial Commission in which the rehearing was asked because the finding of the commission was based upon these reports, and affidavits were presented showing that the report referred to as having been filed July 12, 1922, was not filed by the Little Fay Oil Company, and it had no knowledge thereof until reference was made thereto in the finding of the commission, and thereupon an examination was made which disclosed that the report purporting to have been filed on July 12, 1923, was a typewritten copy of the report of April 21, 1922, and the signature of the Little Fay Oil Company was written on the typewriter. It does not appear how this instrument became a part of the files of the Industrial Commission. This petition for rehearing was denied, and plaintiff in error insists that the same was an abuse of discretion. With this contention we cannot agree. While reference was made to a report filed July 12, 1922, an examination of the instrument shows that it was in all respects identical with the instrument filed April 21, 1922, and from its face appears to have been made on the same day. We are unable to see how this added anything to the report which had been previously filed. The admission being in the identical words and under the same date as the report of April 21, 1922, the two reports were for all practical purposes the same. At the time the second report purports to have been filed, there had been no attempt made to withdraw or correct the report filed on April 21, 1922, and, having permitted the same to remain on file, the filing of a copy of the same report on July 12, 1922, would not give the admission any greater weight. It is our opinion that it was not error for the commission to overrule the petition for rehearing.

The award of the commission is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, BRANSON, and HARRISON, JJ., concur.