## REPUBLIC SUPPLY CO. et al. v. DAVIS et al.

No. 23523. Opinion Filed Sept. 6, 1932.

Roy V. Lewis and Miley, Hoffman, Williams & France, for petitioners.

Williams & Williams, for respondent.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission made and entered on the 16th day of March, 1932, in favor of Charles P. Davis.

Said award, omitting the formal parts, was as follows:

"(1) That the claimant herein on and prior to June 16, 1931, was in the employment of this respondent and engaged in a hazardous occupation covered by and subject to the terms and provisions of the Workmen's Compensation Act.

"(2) Arising out of and in the course of his said employment claimant, on June 16, 1931, sustained an accidental personal injury resulting in a right hernia, and due to said condition claimant was and is at this time totally disabled from the performance of ordinary manual labor, since June 18, 1932.

"(3) The Commission further finds: That respondent nor insurance carrier herein has tendered the claimant herein the necessary operation for the correction of said hernia, as provided by section 7290, C. O. S. 1921, and that claimant has been, since said injury, and is now in need of such operation.

"(4) That the average wage of claimant at the time of said injury was $175 per month.

"The Commission is of the opinion: On consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18 per week computed from June 18, 1931, less the statutory 5-day waiting period, to February 24, 1932. for the temporary total disability hereinbefore mentioned; and

"The Commission is further of the opinion: On consideration of said facts, that claimant is in need of an operation to correct said hernia, and that respondent or its insurance carrier herein should forthwith tender to claimant said operation, as provided by section 7290 of the Workmen's Compensation Law.

"It is therefore ordered: That within 15 days from this date the respondent or its insurance carrier herein pay to claimant the sum of $633, being compensation at the rate of $18 per week, computed from June 23, 1931, to February 24, 1932, for the temporary total disability hereinbefore described; and

"It is further ordered: That respondent or its insurance carrier forthwith tender to claimant the necessary operation for the correction of said hernia, as provided by section 7290 of the Workmen's Compensation Law of this state."

The petition in error sets forth seven assignments of error which petitioners discuss in their brief under four propositions:

#### First Proposition.

"Claimant being a sole employee, his claim was not within the jurisdiction of the Industrial Commission."

It will be observed petitioners contend that the record shows that claimant was a sole employee, and that, under section 7285, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, explicitly excepting from the operation of the law employers who shall employ less than two workmen, the Commission was without jurisdiction to order petitioners to pay claimant compensation.

Section 7285, just referred to, provides:

"* * * Provided, that the provisions of this act shall not apply to any employer if he shall employ less than two workmen. * * *"

This necessitates an examination of the record upon this point. While claimant's testimony is conflicting on the question of whether or not he had an assistant working with him at the warehouse, he did testify that the Republic Supply Company (his employer and one of the petitioners herein) had its main office in Houston, Tex., with a branch office in Tulsa; that claimant worked out of the Tulsa branch, and that they had warehouses all over the state of Oklahoma. Claimant further testified that he reported the matter to his supervisors, Mr. Brooks and Mr. Underwood, employees of the Republic Supply Company.

We observe that the statute just referred to does not require that two workmen be employed at the same place, but the liability for accidental personal injuries to employees attaches to the employers in certain hazardous occupations when they employ two or more workmen. It is the number of employees that is material. The finding by the Commission of the number of workmen employed is one of fact. (Grace v. Vaught, 108 Okla. 187, 235 P. 590.) It will be remembered that claimant testified that petitioners were employing other help in Texas and Oklahoma. Therefore, said finding will not be disturbed upon review by this court, where there is any competent evidence reasonably tending to support the same, in view of section 7294, C. O. S. 1921, as amended by section 7, ch. 61. Session Laws of 1923 [O. S. 1931, sec. 13360].

After a careful consideration of the evidence adduced on this point, we are of the opinion and hold that the same reasonably tends to support the fact that the petitioner Republic Supply Company employed two or more employees, and that the Commission did not exceed its jurisdiction as contended for by petitioners.

Petitioners next contend:

### Second Proposition.

"Claimant was not engaged in a hazardous occupation as defined by the Compensation Act and the Commission was without jurisdiction to enter the award."

The above contention is predicated upon section 7283, C. O. S. 1921, as amended by chapter 61, Session Laws 1923 [O. S. 1931, sec. 13349]. Said section lists the hazardous employments included in and covered by the act. The part thereof pertinent to the case at bar is as follows:

"* * * **Wholesale mercantile establishments** (employees employed exclusively as clerical workers excepted). * * *"

Section 7284 then defines "hazardous employment" as manual or mechanical work or labor connected with or incident to those employments named in section 7283, supra. Therefore, if an employee is injured while engaged in manual or mechanical work or labor connected with or incident to any one of the employments listed as being hazardous in section 7283, and coming within the act, the same including **wholesale mercantile establishments**, then, and under those circumstances, the claimant may be said to have been engaged in a hazardous occupation as defined in the Workmen's Compensation Act, at the time of his injury.

Claimant's testimony is again somewhat conflicting as to his duties. There is testimony, however, to the effect that the Republic Supply Company dealt in oil well supplies exclusively at their Wilson, Okla., warehouse; that the store was not what is ordinarily known as a retail store, but that the principal business transacted there was the wholesaling of oil and gas well supplies. Claimant testified to the effect that his principal duties were composed of unloading the machinery as it was shipped into the Wilson warehouse, shipping machinery to other stores as orders were received for it, and setting up machinery for demonstration when a demonstration was required. Claimant further testified that as local manager of said warehouse establishment his clerical duties occupied but a small portion of his time and they were by no means his principal duties. Petitioner, in its "Employer's First Notice of Injury," states the nature of its business as that of "wholesale and retail of oil and gas well supplies," and further states that the injury was sustained in the course of employment.

Claimant's testimony was that he sustained a hernia while lifting casing clamps of 265 pounds each.

Under sections 7283 and 7284, supra, where an employee of a wholesale mercantile establishment is injured while performing manual or mechanical work or labor connected with or incident to said occupation, then he is injured in a hazardous occupation as defined by the statute.

The Commission so found, and there is competent evidence reasonably tending to support said finding. In view of this state of the record, and the law applicable to the facts involved, it cannot be said that the Commission exceeded its jurisdiction in making said award.

Petitioners, for their third proposition of law, say:

### Third Proposition.

"If claimant sustained a hernia in the course of his employment, it occurred in November, 1930, approximately ten months before claim was filed and concerning which no notice was given to the prejudice of his employer. The award was contrary to law and not supported by the evidence."

Petitioners say in their brief, substantially, that claimant suffered a hernia while employed by them, in November, 1930, in these words:

"Claimant undoubtedly sustained this hernia back in November, 1930, and saying nothing to his employer, continued to work without the aid of a truss."

However, petitioners admit that claimant was injured on July 16, 1931, in the following language:

"It must be admitted that claimant was undisputed in his testimony that on July 16, 1931, he sustained a strain and again felt a sharp pain, evidently, in his groin."

It is the contention of petitioners that the hernia in question occurred in November, 1930, and that the finding of the Commission that the same occurred in July, 1931, was erroneous.

The record discloses that claimant testified he received the hernia injury on June 16, 1931. Dr. Walter Hardy, a witness for the petitioners, testified that the strain in November, 1930, did not result in a hernia. His testimony on this point is as follows:

"Q. And when he had this strain in

November, 1930, and felt this protrusion at that time, that was undoubtedly caused by this undescended testicle? A. That is what I would surmise. Q. And not from hernia? A. Yes, sir."

The record further shows that on July 2, 1931, petitioners stated in their report to the Industrial Commission that this claimant suffered an accident on June 16, 1931, which resulted in a "hernia on right side." This report is a part of the record, and any statement against interest, made therein, is an admission and may be considered by the Commission in making its findings. Northeast Oklahoma R. Co. v. State Industrial Commission, 88 Okla. 146, 212 P. 136; Little Fay Oil Co. v. Stanley, 90 Okla. 265, 217 P. 377; Little Fay Oil Co. v. Killian, 90 Okla. 267, 217 P. 379.

By virtue of the provisions of the Workmen's Compensation Act, hereinbefore cited and referred to, a review of orders and awards of the State Industrial Commission is limited solely to a review of questions of law.

The question under consideration is one of fact, and the finding by the Commission that the date of the injury causing hernia was June 16, 1932, will not be disturbed by this court in view of the record containing competent evidence reasonably tending to support said finding.

Petitioners' last ground for reversal is as follows:

### Fourth Proposition.

"The award for temporary total disability was contrary to law."

Under said proposition, petitioners discuss, first, the evidence of total disability, and, second, their allegation that there was no request for a hernia operation or notice that claimant sustained a hernia.

As to the first part of said fourth proposition, we observe the finding by the Commission complained of under this proposition reads as follows:

"Finding No. 2. Arising out of and in the course of his said employment claimant on June 16, 1931, sustained an accidental personal injury resulting in a right hernia, and due to said condition claimant was and is at this time totally disabled from the performance of ordinary manual labor, since June 18, 1932."

In the case of Hissom Drilling Co. v. Benson, 153 Okla. 157, 5 P. (2d) 393, this court had under consideration a somewhat similar situation, and held in its syllabus as follows:

"The question of whether respondent was totally disabled from the performance of ordinary manual labor is a question of fact for the determination of the Commission, and, where there is any competent evidence reasonably supporting such finding, this court will not weigh conflicting evidence upon which said finding of fact is based."

Dr. R. G. Stoner testified that the condition of claimant was such as would prevent him from performing ordinary manual labor. Claimant testified as follows:

"Q. Have you tried to work? A. Just like I told you at Tulsa. I can't * * * do anything. I just give out. * * * Q. Does it hurt you to be on your feet much? A. Yes, if I stay on my feet much, it does."

Under the law laid down in the Hissom Case, supra, and the evidence quoted, petitioners cannot prevail on their view of the evidence regarding claimant's total disability.

The second part of petitioners' last contention, supra, will be treated, first, as to the allegation that there was no notice given petitioners that claimant sustained a hernia. This is at a variance with the written report of petitioners to the Commission of July 2, 1931, stating that claimant sustained a hernia on right side on June 16, 1931. It is also at a variance with claimant's testimony, supra, that he reported said hernia injury to his superiors at Tulsa, Mr. Brooks and Mr. Underwood. The testimony is conflicting, and under such conditions cannot be weighed and determined by this court upon review. The allegation that claimant made no request for a hernia operation seems ill-founded in view of section 7288, C. O. S. 1921, as amended [O. S. 1931, sec. 13354]. Said section provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during 60 days after the injury or for such time in excess thereof as in the judgment of the Commission may be required. * * *"

There is nothing in this statute which provides for a demand on the part of the employee for medical treatment. On the other hand, this statute makes it mandatory upon the employer to see that the employee gets the treatment. This court has held, in the case of Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898, that:

"The responsibility resting upon the employer to cause to be performed the necessary operation to cure hernia resulting from an injury received in the course of employment by the employee can only be relieved by the tender of such operation to

the employee and his refusal to accept the same."

We observe that by statute and by the decision of this court, it is a mandatory duty upon the employer to promptly provide such medical aid as shall be necessary to repair the damage done by the injury. Said duty is not discharged until the employer has tendered the treatment and the same has been refused. Claimant testified that he advised his employer of his condition, and that they had never tendered him an operation for hernia. Claimant's employer having failed to discharge his statutory duty of tendering an operation after notice of the hernia, precludes it from successfully contending that there was no request for a hernia operation.

We see no good purpose in further lengthening this opinion into a treatise on these long-settled principles of law.

The award of the Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (2) R. C. L. Perm. Supp. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116. (5) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. pp. 6244, 6245; R. C. L. Pocket Part, title Workmen's Compensation, § 116. (6) annotation in L. R. A. 1916A, 261; L. R. A. 1917D; 7 A. L. R. 545; 28 R. C. L. 822; R. C. L. Perm. Supp. 6246.