Orville C. SCAGGS, Petitioner,

v.

LINDSEY WELL SERVICE, INC., and State Insurance Fund, Respondents.

No. 39681.

Supreme Court of Oklahoma.

Nov. 21, 1961.

Dick Bell, Seminole, for petitioner.

Mont R. Powell, James N. Khourie, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

The question before us is whether the trial court's order denying an award based on its finding "That claimant did not sustain an accidental injury arising out of and in the course of his employment" is correct and supported by competent evidence.

Early in the evening on January 5, 1960, claimant and one Bernard Boutwell, both of whom were engaged by the employer as "tool pushers", stopped to eat at a cafe in Elmore City, Oklahoma, when Boutwell learned that his car was disabled and would not start. The two men agreed to travel together in the company automobile regularly used by claimant. They first drove about one and one-half miles east of the city to the site of employer's rig, which was under claimant's charge and afterwards proceeded to Davis. Later in the evening, they left for Sulphur. While traveling to this destination, their automobile collided, at 11:40 that night, with a highway maintenance truck which was spreading sand on an ice-covered bridge about two miles west of Sulphur. Claimant sought compensation for multiple injuries sustained by him in this accident.

On the salient issue of whether his injury occurred while he was in the course of employment, claimant testified that apart from his duties as a "tool pusher" it was also his job to seek and secure drilling contracts and that at the time of the automobile accident he was engaged in soliciting business for the employer. This testimony was contradicted by the employer, who introduced a statement given and signed by claimant on February 11, 1960, when interviewed by an insurance adjustor. In this statement claimant gave the following version of the events preceding the collision:

"* * * Mr. Boutwell and I got into my car and we drove out to my rig which was 1½ miles north and east of Elmore City, Oklahoma. I was driving my car. We then left the rig and went to Davis, Oklahoma and we stopped and got some beer. I don't remember how much beer we drank and I don't remember how long we stayed in Davis, Oklahoma. We left Davis, Oklahoma and went to Sulphur, Oklahoma. *We were not on any business but we just wanted to get away from everybody.* The weather was icy and snow was on the ground. * * *" (Emphasis ours.)

Employer's first notice of injury (Form 2), submitted to the trial tribunal on February 25, 1960, recited in response to the question, "Was employee injured in course of employment" that "he (claimant) had not been relieved of his duties." In their answer, filed the following day, employer and its insurance carrier denied "that claimant received an accidental injury while working" and alleged that claimant's injury

occurred when he was not engaged "in the performance of labor" for the employer. Although, as reflected by his comments in the record, the trial judge seemed at first inclined to view employer's quoted answer in Form 2 as an "admission" that the accident occurred in the course of claimant's employment, he did not treat this issue as removed from his consideration and proceeded to allow both parties an opportunity to fully present their evidence thereon. Claimant argues that the trial judge, having once considered employer's "solemn admission" as irrevocably binding, became concluded by his determination and was without authority to subsequently "set it aside" in the absence of "positive, competent evidence to the contrary."

■■ The argument so advanced has no basis in the record. We do not attribute the force of an "order" or determination to the trial judge's informal remarks as to the effect which should be accorded to the employer's notice of injury. It is clear that there was no final ruling upon the matter and the inquiry proceeded as before with all issues remaining open and undetermined. Neither can we accede to claimant's view that employer's notice of injury either approached or reached the dignity of a "judicial admission" which operated to remove a controverted issue of fact. Our past decisions clearly point to the contrary. The report of an accidental injury, submitted by the employer in compliance with the provisions of 85 O.S.1951 § 102, becomes a part of the record in each compensation case; and if it contains a statement of fact against employer's interest, the admission so made may be considered of evidentiary force, but its weight and value in resolving any disputed issue of fact presents a matter to be determined by the trial tribunal. Little Fay Oil Co. v. Stanley et al., 90 Okl. 265, 217 P. 377; Northeast Oklahoma R. Co. et al. v. State Industrial Commission, 88 Okl. 146, 212 P. 136. We need not intimate here an opinion as to whether employer's statement in its report of injury did constitute an admission against interest. There was no error in refusing to treat the state-

ment as a binding and solemn admission of liability. See in this connection, Tway v. Hartman, 181 Okl. 608, 75 P.2d 893; Taliaferro et al. v. Reirdon, 197 Okl. 55, 168 P.2d 292.

It is next urged that the trial tribunal should not have accorded so much "weight and verity" to the statement obtained by the adjustor, because it was taken from claimant at a time when he was still suffering from the ill effects of his serious injury, and it was secured "in a manner calculated to keep him uninformed as to the nature and effect thereof."

■■ There is nothing in the record to afford a basis for these assertions. Claimant readily admitted signing the statement. Although he "did not remember" what he had told the adjustor, he conceded that he "possibly said" the things contained therein. This testimony furnished an ample and sufficient foundation for the reception of the statement as original evidence. 31 C.J.S., Evidence §§ 369, 371; Kelso v. Independent Tank Company, Okl., 348 P.2d 855; Bridges v. Rudder, Okl., 281 P.2d 764; Harry v. Hertzler, 185 Okl. 151, 90 P.2d 656.

■ The issue of whether an accidental injury arose out of and in the course of employment presents a question of fact to be determined by the State Industrial Court from the proof adduced in the particular proceeding, and its finding thereon will not be disturbed on review when supported by competent testimony. Terry Motor Co. v. Mixon, Okl., 361 P.2d 180; Magnolia Petroleum Co. v. State Industrial Commission, Okl., 361 P.2d 477; Bayless v. Sparkman Livestock Sales, Okl., 350 P.2d 233; Guthrie v. Modern Distributors, Inc., Okl., 350 P.2d 488. The trial tribunal is at liberty to refuse credence to any portion of the testimony deemed unworthy of belief and is not required to accord credence to the greater amount of evidence as against the lesser.

■ Although claimant maintained that, when injured, he was on a mission for the employer, he did not testify what persons he saw and where he sought to solicit their

business. Neither did he explain why he and Boutwell stopped at Davis, and what was the specific purpose of their trip to Sulphur. The trial tribunal was authorized to consider the totality of all these facts and circumstances, weigh them together with claimant's unequivocal prior admission that he was pursuing a private purpose, and then draw its own conclusion as to where the preponderance of the evidence lay. It is neither the province nor the duty of this Court to interfere with a factual determination of the trial tribunal when founded on competent evidence. Terry v. Mixon, supra, and see Brantley v. State Industrial Commission, Okl., 315 P.2d 779.

■ Lastly, claimant argues that there was error in the admission into evidence over claimant's objection of a highway patrolman's report of the accident. With this contention we must agree. See Houston v. Pettigrew, Okl., 353 P.2d 389; Hadley et al. v. Ross, 195 Okl. 89, 154 P.2d 939; Bison Transports, Inc. v. Fraley, 205 Okl. 520, 238 P.2d 835; see also, Douvas v. Newcomb, Okl., 267 P.2d 600; City of Enid v. Reeser, Okl., 330 P.2d 198.

■ The erroneous reception of the accident report does not, however, require a vacation of the order. The question presented to us on review is not whether there was error in the reception of inadmissible evidence. Rather, the test by which we are governed is whether there is any competent evidence reasonably tending to support the trial tribunal's finding. Marby Construction Co. et al. v. Mitchell, Okl., 288 P.2d 1108; Santa Fe Transportation Co. v. Vaughan, 194 Okl. 16, 146 P.2d 827; Banning v. Peru-Laclede Syn., 179 Okl. 382, 65 P.2d 976; see also, Phillips Petroleum Co. v. Clark, 203 Okl. 561, 224 P.2d 597.

There is competent evidence from which the trial tribunal was authorized to find that claimant, when injured, was not on a mission for the benefit of his employer, but was in process of pursuing a private purpose.

Order denying compensation is accordingly sustained.