Ruby McMURTREY, Petitioner,

v.

AMERICAN ASSOCIATION OF PETROLE-
UM GEOLOGISTS, General Insurance
Company of America and State Industrial
Court, Respondents.

No. 40156.

Supreme Court of Oklahoma.

May 28, 1963.

Rehearing Denied July 9, 1963.

**216** ■ ▬▬▬▬▬▬▬▬

Covington & Gibbon, by A. M. Covington, Tulsa, for petitioner.

Sanders, McElroy & Whitten, Tulsa, for respondents.

DAVISON, Justice.

This is an original proceeding brought by Ruby McMurtrey (claimant), widow of Luther M. McMurtrey (employee) to review an order of the State Industrial Court denying an award in a proceeding under the Death Benefit Provisions of the Workmen's Compensation Law. 85 O.S.1961 § 1 et seq. An award was first entered by the trial judge but on appeal to the court en banc the award was vacated and the order denying the award was entered.

The record reflects that employee's duties were to clean the offices and maintain the building, mow the yard and maintain the grounds, and look after the cooling and heating equipment in the building of his employer, American Association of Petroleum Geologists, in the City of Tulsa. In connection with the latter duties he held an engineer's license, as required by a city ordinance, which also required his attendance on the premises while the equipment was in actual operation. His hours of work on week days were 6:00 to 9:00 in the morning and 4:00 to 8:00 in the afternoon, and on Saturdays from 6 A.M. to 11 A.M. (he ordinarily mowed the yard on Saturday morning) and he was subject to call in the event his services were required at

other times. His salary was $373.77 per month. It was shown that he added to his income by mowing yards for other persons during his off hours. On Saturday, September 30, 1961, at about 6:30 A.M., while employee was driving to work in the rain in his station wagon and carrying his lawn mower and yard equipment, he was killed in a collision with another car. All of the evidence at the hearing was produced by claimant.

Claimant contends that the Industrial Court erred as a matter of law in denying death benefits. This contention is presented and argued on several aspects of the evidence and it is urged that collectively they establish that employee's death arose out of and in the course of his employment.

After the claim was filed the employer filed its Form 2 (Employer's First Notice of Injury). In this form it was stated that the accident occurred while the employee was on his way to work and in answer to the question of whether the employee was injured in course of employment the answer was "Yes." Thereafter the employer and insurance carrier filed their answer in which they specifically denied that the injury arose out of and in the course of the employment and denied that deceased was an employee at the time and place of the collision. At the trial it developed that the answer to this question constituted the only issue for determination by the Industrial Court.

■ The question of the effect and weight to be given to an admission against interest in the employer's report has been before this court on a number of occasions. In Scaggs v. Lindsey Well Service, Inc., Okl., 366 P.2d 945, we stated:

"* * * The report of an accidental injury, submitted by the employer in compliance with the provisions of 85 O.S.1951 § 102, becomes a part of the record in each compensation case; and if it contains a statement of fact against employers' interest, the admission so made may be considered of evidentiary force, but its weight and value in re-

solving any disputed issue of fact presents a matter to be determined by the trial tribunal. Little Fay Oil Co. v. Stanley et al., 90 Okl. 265, 217 P. 377; Northeast Oklahoma R. Co. et al. v. State Industrial Commission, 88 Okl. 146, 212 P. 136. * * *"

Under the circumstances the admission does not conclusively settle the issue.

Claimant also contends that the testimony that employee was "on call" and was at the time of the accident transporting lawn equipment for use in taking care of the yard of the employer was sufficient to establish that the injury arose out of and in the course of the employment.

■ It is well established in this state that, ordinarily, an injury sustained by an employee while going to or from the premises where he is employed is not one arising out of and in the course of his employment. Novak v. McAlister, Okl., 301 P.2d 234, and Grossnicklaus v. Big X, Okl., 355 P.2d 871.

This general rule is subject to certain exceptions where the facts are that at such time the employee is still charged with some duty or task in connection with his employment. The record herein reflects that the employee was hired to perform services within the building and on the grounds of the employer and was subject to call should his services be required at times other than his regular hours of employment. On the Saturday morning in question he left for work as was his custom, except that he was a little late, in order to perform his regular duties on that day. The evidence shows that he had not been specifically called. He was driving his own station wagon and was transporting his own lawn mower and yard equipment. Neither the car nor the other articles were the property of his employer. The testimony shows that the employer had a mower on its premises but that employee preferred to use his own equipment and further that employer was not aware that employee was using his own mower and other equipment. Under these circumstances the employee was not charged with some

duty or task in connection with his employment and he was not performing any service in the care of his employer's property at the time of the accident.

Claimant cites a number of decisions dealing with exceptions to the above stated general rule. In Weatherbee Electric Company v. Duke, Okl., 294 P.2d 298, the employee was driving his own truck to work and carrying some of his own tools which he was required to furnish and also some tools and supplies that were owned and furnished by the employer which he was requested to carry from job to job and to and from work. In Ince v. Chester Westfall Drilling Co., Okl., 346 P.2d 346, the employee was transporting a water can that belonged to the employer and which was used to bring drinking water to the well site for the drilling crew. In Sapulpa Refining Co. v. State Industrial Commission, 91 Okl. 53, 215 P. 933, and Charles H. Stanford, Inc. v. Gregory, Okl., 303 P.2d 1112, the awards of compensation were sustained for the reason that the employees were paid for their time in traveling from home to work and return. These cases and others cited by claimant are not in point because of the difference in facts.

■ In Travis v. Oklahoma City Linen Service, Okl., 361 P.2d 182, we stated:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the State Industrial Court under the circumstances of each particular case, and where there is any testimony reasonably tending to support said court's determination, it will not be disturbed on an application to vacate an order or award."

■ It is our opinion that the present circumstances do not constitute an exception to the general rule, supra, and that there is testimony reasonably tending to support the State Industrial Court's order denying claimant's claim for compensation.

■ Claimant also urges that the State Industrial Court erred in failing to make

findings of fact as to the reason for denying claimant's claim for compensation. The only question of fact arising from the evidence was whether under the circumstances the employee's death arose out of and in the course of his employment. On appeal to the court en banc from the trial judge's award of Death Benefits the employer and insurance carrier prayed that the award be vacated and the claim denied because the injury did not arise out of and in the course of the employment. The parties have briefed the merits of the matter in this court upon this single proposition. Under the circumstances the claimant cannot reasonably fail to comprehend that the reason for denying the claim was because the injury did not arise out of and in the course of the employment.

Order denying award sustained.