STATE INDUSTRIAL COMMISSION — — FINES The provisions of 85 O.S. 102 [85-102] (1971), would be enforced by a criminal action which may be by information or indictment with the fine, if any, to be collected by the State; that venue is in Oklahoma County with jurisdiction in the district court thereof; that the type of hearing is a jury trial; and that the party who may bring the action is the State of Oklahoma. The Attorney General has had under consideration your request for an opinion wherein you ask, in effect, the following question: How can the provisions of 85 O.S. 102 [85-102] (1971) be enforced? That is the manner of enforcement or collection if one is found in violation of this statute and what filing statement or form would be required; where is venue of such an action and what court has jurisdiction; what type of hearing is afforded; and who can bring the action? Title 85 O.S. 102 [85-102] (1971) provides: "Every employer shall keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment. Within ten (10) days or a reasonable time thereafter, after the occurrence of an accident resulting in personal injury a report thereof shall be made in writing to the Commission upon blanks to be procured from the Commission for that purpose. Such report shall state the name and nature of the business of the employer, the location of his establishment or place of work, the name, address and occupation of the injured employee, the time, nature, and cause of injury and such information as shall be required by the Commission. Any employer who refuses or neglects to make a report as required by this Section shall be guilty of a misdemeanor, punishable by a fine of not more than Five Hundred Dollars ($500.00). (Emphasis added.) Section 102 was enacted in 1915. As used herein the term "State Industrial Commission" refers to the State Industrial Court, officially renamed as such in 1959. 85 O.S. 91 [85-91] (1971). A " fine " is usually a sum of money exacted from a person guilty of a crime as pecuniary punishment as distinguished from a "penalty" which is a sum of money exacted by way of punishment for doing some act which is prohibited or omitting to do something which is required. Holliman v. Cole, 34 P.2d 597 (Okl. 1934); Schick v. United States, 24 S.Ct. 826, 195 U.S. 65, 49 L.Ed. 99; State v. Rumnfelt, 85 S.E.2d 398 (N.C. 1955). Title 85 O.S. 102 [85-102] (1971), supra, sets a $500 fine for violation of its provisions and, in addition, defines the offense as a misdemeanor. A misdemeanor is a public offense or crime for the prosecution of which a criminal action is required. Title 22 O.S. 10 [22-10] (1971), provides: "The proceeding by which a party charged with a public offense is accused and brought to trial and punishment, is known as a criminal action." 36a C.J.S. Fines, 4, p. 434, provides: "The rule has been laid down that in the absence of any special provisions as to the mode of procedure, the use of the word 'fine' determines the form of the remedy; and the remedy is a criminal prosecution." Title 12 O.S. 7 [12-7] (1971), provides: "A criminal action is one prosecuted by the State as a party, against a person charged with a public offense for the punishment thereof." (Emphasis added.) The proper action, therefore, to enforce the provisions of 85 O.S. 102 [85-102] (1971), is a criminal action brought by the State. It follows that if a fine were assessed, it would be payable to the State. No "filing statement" as such is provided for by law. However, it is appropriate to note the provisions of Title 22 O.S. 301 [22-301] (1971): "Every felony must be prosecuted by indictment or information in the district or superior court. Misdemeanors must be prosecuted by information, except as otherwise provided by law: Provided, however, that the district court or the judge thereof, may, by order made, direct that any particular misdemeanor be presented to the grand jury, and when so ordered it may be prosecuted by indictment." Regarding your questions concerning jurisdiction and venue, our Court has held that "jurisdiction" is the authority to hear and decide a cause on its merits while "venue" is the place of trial. A.T. S.F. Ry. Co. v. Superior Court of Creek County, Drumright Div., 368 P.2d 475 (Okl. 1962). The provision for venue is found in the Oklahoma Constitution, ArticleII, Section 20, which provides in pertinent part: "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. . . ." Judicial power to adjudicate criminal cases resides in the District Court according to the Oklahoma Constitution. Article VII, Section 7 thereof provides in pertinent part: ". . . . The District Court shall have original unlimited jurisdiction of all justiciable matters . . . ." Jurisdiction is, therefore, in the District Court of the county in which the offense is alleged to have occurred. The precise offense for which 85 O.S. 102 [85-102] (1971), prescribes a punishment is that of an employer's failure to make a written report to the Commission. It is apparent that the phrase "to make a written report to the Commission" contemplates that same shall be "filed" with the Commission. See 85 O.S. 1971 Ch. 4, App. Rule 3 of the State Industrial Court referring to the filing of forms with the Secretary of the Court. Cf. Scaggs v. Lindsey Well Service, Inc., 366 P.2d 945 (Okl. 1961) and Northeast Oklahoma R. Co. v. State Industrial Commission,212 P. 136 (Okl. 1922), which indicates that accidental injury reports by the employer submitted to the Court pursuant to 85 O.S. 102 [85-102] (1971), are thereafter "filed" by the Court. It is essential to determine the county in which the filing occurs in order to ascertain the county wherein the crime is committed for venue purposes. For it was held in State, ex rel. Hunzicker v. Publliam, 37 P.2d 417
(Okl. 1934): " An Instrument is 'filed' for record when it is deposited in proper office with a person in charge thereof, with directions to record it; act of leaving or depositing paper in proper office constitutes 'filing' of it within statute providing therefor. There can be no 'filing' of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for the deposit. . . ." Title 85 O.S. 73 [85-73] (1971), provides in pertinent part: "The Commission shall keep and maintain its principal office in the city of Oklahoma City. . . ." The offense of failing to file the prescribed report would thus occur in the City of Oklahoma City, Oklahoma County. This establishes venue in Oklahoma County with jurisdiction in the district court thereof. It is, therefore, the opinion of the Attorney General that the provisions of 85 O.S. 102 [85-102] (1971), would be enforced by a criminal action which may be by information or indictment with the fine, if any, to be collected by the State; that venue is in Oklahoma County with jurisdiction in the district court thereof; that the type of hearing is a jury trial; and that the party who may bring the action is the State of Oklahoma. (Allen K. Harris)