TALIAFERRO et al. v. REIRDON.

No. 31973. Jan. 29, 1946.

Rehearing Denied April 30, 1946.

*168 P. 2d 292.*

Utterback & Utterback, of Durant, and Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Jack H. Smith and Reuel W. Little, both of Madill, and C. C. Hatchett, of Durant, for defendant in error.

HURST, V.C.J. This action was commenced on June 30, 1938, by B. N. and G. W. Taliaferro as executors of the will of D. B. Taliaferro, deceased, who died on November 2, 1927, against J. P. Reirdon and other defendants to compel an accounting of the partnership affairs of Reirdon Lumber Company, of which J. P. Reirdon and D. B. Taliaferro were the partners. The theory of the plaintiffs was that the partnership continued, after the death of Taliaferro, between Reirdon and the children of Taliaferro. The trial court held that the partnership did so continue and entered judgment on that theory. The plaintiffs, being dissatisfied with the judgment, appealed, and this court reversed the judgment (191 Okla. 43, 126 P. 2d 696), directing that if, upon the retrial, the defendant could not or would not render a true account, the plaintiffs would be entitled to a judgment for the value of Taliaferro's interest in the partnership property at the time of his death, with interest, less credits due for merchandise furnished the estate and the four children of Taliaferro by Reirdon, as surviving partner, since Taliaferro's death, and for which payment had not been made.

Upon the retrial, no new pleadings were filed, but the case was tried upon the issue made by this court in its opinion. It was agreed that there could be no accounting, and the case was tried on the issue of the value of the partnership property at the time of the death of Taliaferro and the amount of merchandise furnished his estate and children by Reirdon since his death. The court found that the value of the one-half interest of Taliaferro in the partnership property at the time of his death was $11,350.86, and that the interest thereon to date of judgment ran said sum up to $22,111.44. The court found that the advancements to Taliaferro's children and estate amounted to $11,058.75, and that the interest on said advancements ran said sum up to $18,679.06, to which Reirdon should be credited, leaving a balance due the plaintiffs in the sum of $3,432.38, for which judgment was rendered, and from which plaintiffs appeal.

1. The plaintiffs argue that the trial court erred in fixing the value of the partnership property. The defendant attached to his answer statements prepared by the accountant for the partnership, every six months from 1925 to 1934, copies of which were furnished Taliaferro and his personal representatives, and he alleged that they constituted an account stated. The plaintiffs rely upon these statements in proving value, and their witness testified that, from a study of those statements, the value of the one-half interest was $13,849.34. The defendant introduced evidence that these statements reflected only book value, and that the actual value was only 75 per cent of the book value, and that the actual value was $9,622.25.

a. The plaintiffs contend that the defendant is bound by his answer, which was never withdrawn, and that it constituted a solemn admission and he was estopped to dispute it. But, since the case was tried on the theory of actual value as directed in our opinion in the first appeal, and not on the issue of partnership accounting as made by the pleadings, we are unable to agree with this contention. The pleadings at most constituted statements against interest, and were admissible against the defendant. See Tway v. Hartman, 181 Okla. 608, 75 P. 2d 893; 41 Am. Jur. 436. The court properly considered these admissions along with evidence explaining them.

b. Plaintiffs contend that they should be allowed two credits, one of $1,200 and one of $602.54, shown on the books. But these grew out of transactions after the death of Taliaferro, and were entered on the theory that the partnership was still in existence. They have no bearing upon the value of the partnership property at the time of Taliaferro's death, and are not pertinent to the issue on which the case was tried.

The court weighed the evidence on the issue of value and exercised his best judgment in determining the value, and we cannot say that his finding is contrary to the evidence.

2. The plaintiffs complain of only one item in the offsets allowed against them. This is an item of $137.25 for threading pipe which the executors of the will of Taliaferro borrowed in 1931. We think the evidence supports the finding that this was a proper offset.

3. The plaintiffs contend that the court erred in applying the offsets against the value of the partnership property. The court allowed interest on the value as directed by this court. It also allowed interest on the advancements to the four children and the estate of Taliaferro. It then offset the one against the other. The plaintiffs argue that the court should have applied each advancement, at the time it was made, on the interest that had accumulated against Reirdon, and the balance, if any, on the principal. In our former opinion we made no direction on this point.

In view of the fact that the advancements were made on the theory that they constituted dividends, the parties did not agree or direct how they should be applied. The defendant contends that he now has the right to direct how they shall be applied. We think, however, it was the duty of the court to apply them according to principles of equity and justice. Southern Surety Co. v. Corbit, 142 Okla. 103, 285 P. 949. It is said that no specific rule can be laid down to fit all such cases. Ohio Electric Car Co. v. Le Sage, 198 Cal. 705, 247 P. 190. In Savage v. Howell, 45 N. M. 527, 118 P. 2d 1113, it is said that several different methods are employed to accomplish equity, and that "the discretion of the trial judge controls and within that discretion, even in proceedings in invitum, he is privileged to adopt the rule followed in applying partial payments voluntarily made, if it seems the more equitable." The rule contended for by the plaintiffs is sometimes referred to as the United States Rule (33 C. J. 250, § 168) and is said to be the majority rule. 30 Am. Jur. 40, § 50. The rule applied by the court is known as the Mercantile Rule. 30 Am. Jur. 41; 33 C. J. 251.

The record discloses that the merchandise furnished the Taliaferro children was furnished at cost, under the theory that the partnership was still in existence. Since no profit was charged on it, and, in view of all the circumstances, we are unable to say that the court abused its discretion, and that it was inequitable to follow the Mercantile Rule. The plaintiffs do not point out just how much greater their recovery would be if the United States Rule were followed.

Judgment affirmed.

GIBSON, C.J., and RILEY, WELCH, and ARNOLD, JJ., concur.